IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RIDDICK, et al.,

    Plaintiff,

v.

MEDSTAR HEALTH

    Defendant.

Civil No. 24-1335-BAH

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Gwendolyn Riddick, David Richter, Tina Goldsmith, Tracy Sanders, Evelyn Rios, and Annie Slaton (collectively "Plaintiffs") brought suit against MedStar Health, Inc. ("Defendant" or "MedStar") alleging that Defendant failed to properly secure and safeguard Plaintiffs' sensitive information, including protected health information ("PHI") and other personally identifiable information ("PII"). ECF 1. Pending before the Court are two motions to appoint interim co-lead class counsel. ECF 14; ECF 15. The first motion to appoint counsel was filed on behalf of Plaintiff Evelyn Rios and asks the Court to appoint John A. Yanchunis and Katherine M. Aizpuru as interim co-lead class counsel. ECF 14. The second motion to appoint counsel was filed on behalf of Plaintiffs Tina Goldsmith, Gwendolyn Riddick, Tracy Sanders, and Annie Slaton, and asks the Court to appoint Ben Barnow, Jeff Ostrow, Danielle Perry, and Jason Rathod as interim co-lead class counsel. ECF 15. All filings include memoranda of law and exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See*

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, the motion filed by Plaintiffs Goldsmith, Riddick, Sanders, and Slaton, ECF 15, is **GRANTED** and the motion filed by Plaintiff Rios, ECF 14, is **DENIED**.

## I.   BACKGROUND

Between approximately January 25, 2023, and October 18, 2023, an unauthorized third party allegedly gained access to MedStar's network systems and acquired files containing sensitive personal information about MedStar's patients (the "Data Breach"). ECF 1, at 5–6. According to a notice sent to Plaintiffs on May 3, 2024, the emails and files involved in the data breach "contained information that may have included some or all of the following: [] name, mailing address, date of birth, date[s] of service, provider name[s], and/or health insurance information." *Id.* at 6. On May 7, 2024, Jeff Ostrow (with co-counsel) filed the first lawsuit on behalf of Plaintiff Gwendolyn Riddick against MedStar relating to the Data Breach. *See* ECF 1. On May 10, 2024, Ben Barnow (with co-counsel) filed a related action on behalf of Plaintiff Tina Goldsmith. *See Goldsmith v. MedStar Health, Inc.*, No. 1:24-cv-01371, ECF 1. On that same day, Danielle L. Perry (with co-counsel) filed a related action on behalf of Plaintiff Tracy Sanders. *See Sanders v. MedStar Health, Inc.*, No. 1:24-cv-01377. On May 15, 2024, John A. Yanchunis and Katherine M. Aizpuru filed a related action on behalf of Plaintiff Evelyn Rios. *See Rios v. MedStar Health*, No. 24-cv-1418-RDB. On May 24, 2024, Jason Rathod and Nicholas Migliaccio filed a related action on behalf of Plaintiff Annie Slaton. *See Slaton v. MedStar Health, Inc.*, No. 1:24-cv-01523.

On May 22, 2024, Plaintiffs Riddick, Richter, Goldsmith, Sanders, and Rios filed a motion to consolidate the five related actions that were pending before the Court and requested that the Court set a briefing schedule for the filing of interim leadership applications to represent the putative class. *See* ECF 4. On May 29, 2024, the Court granted Plaintiffs' motion to consolidate the cases and set a deadline for any counsel for Plaintiffs to submit an application for the

appointment of interim leadership. *See* ECF 5. On June 24, 2024, the Court issued an order consolidating Plaintiff Slaton's lawsuit into the lead case. ECF 22.

On June 12, 2024, John A. Yanchunis (Morgan & Morgan) and Katherine M. Aizpuru (Tycko & Zavareei LLP) filed a motion to appoint counsel on behalf of Plaintiff Rios. ECF 14. On the same day, Ben Barnow (Barnow and Associates, P.C.), Jeff Ostrow (Kopelowitz Ostrow, P.A.), Danielle Perry (Mason LLP), and Jason Rathod (Migliaccio & Rathod LLP) filed a motion to appoint counsel on behalf of Plaintiffs Goldsmith, Riddick, Sanders, and Slaton. ECF 15.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 23(g)(3), the Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). In cases such as this one, where "more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). When appointing interim class counsel, courts look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *See Hodges v. Bon Secours Health Sys., Inc.*, No. 16-cv-1079-RDB, 2016 WL 4447047, at *1 (D. Md. Aug. 24, 2016). In appointing class counsel, the court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### III. ANALYSIS

Both groups, as counsel for various Plaintiffs in this case, have identified, developed, and investigated claims for the pending litigation and committed substantial time and resources to advancing the litigation. Fed. R. Civ. P. 23(g)(1)(A)(i). Yanchunis and Aizpuru "conduct[ed] pre-filing investigation, interview[ed] class members, research[ed] potential claims, draft[ed] the complaint, and litigat[ed] the case once it was filed," which included, "coordinating with other plaintiffs' counsel on consolidation and with MedStar's counsel on timing a response to the complaint." ECF 14-1, at 3. Additionally, Yanchunis and Aizpuru consulted scientific literature and data security publications to better understand how the disclosed information might be used and the ways in which MedStar's practices allegedly fell short of industry standard. *Id.* at 4. They also retained damages and liability experts and a former FBI agent who worked in the cyber crimes section of the FBI to "conduct dark web monitoring relating to the data breach, and to develop a list of potential witnesses to target for discovery." *Id.* at 4–5.

Barnow, Ostrow, Perry, and Rathod have also committed extensive time and resources toward advancing the litigation. Their work includes "reaching an agreement regarding leadership with four of the six cases that were filed in this litigation and drafting a motion to consolidate the cases," ECF 15, at 5, "investigat[ing] the facts and circumstances surrounding the data breach, including, *inter alia*, the cause of the Data Breach, MedStar's public statements regarding the events surrounding the Data Breach, media commentary, and consumer experiences concerning information compromised in the data breach," *id.* at 6, and "retain[ing] a consulting expert in data security to, *inter alia*, analyze the causes of the Data Breach, determine the breadth and scope of the Data Breach, and provide expertise on proper and adequate data security practices and procedures vs. MedStar's data security practices and procedures." *Id.*

4

Additionally, the Court notes that each group is comprised of accomplished attorneys with expertise in the relevant subject areas and significant experience handling class actions. *See* Fed. R. Civ. P. 23(g)(l)(A)(ii). Yanchunis works at Morgan & Morgan, a large injury law firm, and leads their class action group. ECF 14-1, at 5. He has "focused his practice on class action litigation for over 28 years." *See id.* at 6 (listing involvement in privacy class action cases). He has been "appointed and served in leadership positions in most of the largest data breach cases filed in the area of privacy and security breaches." *Id.* at 7. Aizpuru is a partner at Tycko & Zavareei LLP, a class action law firm. *Id.* at 11. Aizpuru has handled "a heavy docket of consumer class actions and recovered millions of dollars for consumers," and spent several years representing federal agencies in complex litigation and bankruptcy matters. *Id.* She has also served as counsel of record in several privacy class actions and led large federal investigations and teams. *See id.* at 12 (listing cases).

Barnow, a partner at Barnow & Associates, P.C., was co-lead counsel of "one of the earliest major data breach settlements" involving approximately 45 million class members. ECF 15, at 7. He has served as co-lead counsel and settlement counsel in numerous class actions, including a significant number of cases involving data breaches. *See id.* at 7–8. Barnow and his firm have also "developed significant data breach and other consumer law on the appellate level." *See id.* at 9 (listing cases). Jeff Ostrow is the managing partner of Kopelowitz Ostrow P.A. and leads the firm's class action department. *Id.* at 10. He has served as co-lead counsel in numerous class actions and MDL cases. *Id.* at 10–11 (listing cases). He also has "prior experience defending large companies in class actions, [] which affords him a valuable perspective and advantage in litigation and settlement." *Id.* at 10. Danielle Perry is a partner at Mason LLP and has litigated numerous cases across the country involving privacy violations, data breaches, and ransomware attacks. *Id.*

at 12. She has spent her last four years of practice "specializing in data breach class actions," and has been appointed as co-lead counsel, class counsel, and executive or steering committee member. *See id.* at 13 (listing cases). She has also played a significant role in numerous MDL cases that have been successfully resolved. *Id.* at 14. Jason Rathod founded the firm Migliaccio & Rathod LLP and has a "breadth of experience in complex civil litigation, including data privacy cases[.]" *Id.* at 15. He has litigated a number of class actions and MDLs. *Id.* at 15–16. Rathod also has experience securing class certification and class action trial experience. *Id.* at 16–17. His firm has been appointed or served in a leadership capacity in several data privacy class actions. *Id.* at 16.

The Court is thoroughly impressed by the qualifications of both groups, and the putative class would benefit from the wealth of experience that either group offers. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii). Furthermore, both groups of attorneys appear to have a strong command of the applicable law. *See* Fed. R. Civ. P. 23(g)(1)(A)(iii). Both groups represent various Plaintiffs in this case and thus have already dedicated significant time and effort to researching and applying the applicable law. ECF 14-1, at 13; ECF 15, at 18.

The Court is also satisfied that both groups of attorneys have significant resources that they are willing to commit to representing the putative class. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Yanchunis and Aizpuru are partners at "well-established, successful law firms with the financial resources to pursue a case of this magnitude." ECF 14-1, at 14. They do not intend to use third-party litigation financing and will "contribute the financial resources necessary to supply the expert, discovery, and other resources required to prosecute significant data breach litigation." *Id.*

Similarly, Barnow, Ostrow, Perry, and Rathod and their respective firms "possess the resources [] required to vigorously prosecute this litigation." ECF 15, at 18. They too indicate they will not use third-party litigation funding or any contract attorneys to litigate the case. *Id.*

6

All four factors set forth in Rule 23(g)(1)(A) support appointment of either group of attorneys, thus the Court will consider whether there is "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Yanchunis and Aizpuru cite their efficiency, collaboration, and collegiality, along with the diverse experiences the attorneys and their firms bring to the leadership table, as additional matters for consideration. ECF 14-1, at 14–15. Barnow, Ostrow, Perry, and Rathod cite the "support of the most cases, the diversity of their group, and the order of filing" as additional matters for consideration. ECF 15, at 19.

The Court is persuaded by representation of the majority of Plaintiffs and the order of filing given that all other factors under Rule 23(g)(1)(A) indicate that either group would be well-equipped to represent the class interests. Barnow, Ostrow, Perry, and Rathod represent four of the six named Plaintiffs. Other courts have "considered the relative support for groups competing for the role of interim class counsel as a factor in deciding which group to appoint." *See In re Folgers Coffee, Mktg. Litig.*, Civ. No. 21-2984, 2021 WL 7906854, at *3 (W.D. Mo. June 7, 2021) ("The purpose of appointing interim class counsel is to ensure that the litigation proceeds smoothly and efficiently until the class certification stage, and for obvious reasons, a leadership structure that represents the majority of the plaintiffs and plaintiffs' attorneys can more effectively achieve this purpose."). As such, the Court finds that a leadership structure that represents the majority of plaintiffs, absent other deciding factors, favors appointment of Barnow, Ostrow, Perry, and Rathod.

Further, while admittedly a less compelling factor, the Court also considers the order of filing given there is little to differentiate the groups in terms of qualifications, expertise, experience, and resources. Ostrow filed the first lawsuit against MedStar on behalf of Plaintiff

7

Riddick. *See* ECF 1. While this factor alone is likely insufficient to support appointment, the Court finds that "since both groups are more than qualified to handle this action, it would be imminently reasonable to select [Ostrow's group] on the basis that their complaint was filed first." *Steele v. United States*, Civ. No. 14–1523 & 14–2221, 2015 WL 4121607, at *4 n. 2 (D.D.C. June 30, 2015); *see also Richey v. Ells*, No. 12–cv–02635, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) (because all firms were "more than qualified" to handle the action, the court appointed counsel who first filed the case).

Both groups of attorneys have extensive relevant experience, adequate knowledge of the applicable law, and sufficient resources to represent the putative class. Because Barnow, Ostrow, Perry, and Rathod represent the majority of the named Plaintiffs and Ostrow filed the first complaint, the Court concludes that Barnow, Ostrow, Perry, and Rathod are best able to represent the interests of the putative class. Accordingly, Barnow, Ostrow, Perry, and Rathod are appointed to serve as interim co-lead class counsel.

## IV.  CONCLUSION

For the foregoing reasons, the motion for appointment of interim co-lead class counsel, ECF 15, filed by Plaintiffs Goldsmith, Riddick, Sanders, and Slaton is GRANTED. The motion for appointment of interim co-lead class counsel, ECF 14, filed by Plaintiff Rios is DENIED.

A separate implementing Order will issue.

Dated: November 7, 2024

/s/
Brendan A. Hurson
United States District Judge