IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| In re MedStar Health Data Security Incident | Case No.: 1:24-cv-01335 |

**ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT**

This matter having come before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion and memorandum in support of the Motion, the Settlement Agreement ("Settlement Agreement") between Plaintiffs Gwendolyn Riddick, Tina Goldsmith, Tracy Sanders, Evelyn Rios, Annie Slaton, and David Richter and Defendant MedStar Health, Inc. ("Defendant" or "MedStar"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1.      Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them in the Settlement Agreement.

**Settlement Class Certification**

2.      The Court hereby conditionally certifies, pursuant to Federal Rule of Civil Procedure 23(b)(3), and for the purposes of settlement only, the following Settlement Class consisting of:

> All persons residing in the United States whom Defendant identified as having Personal Information at issue in the Data Incident. Excluded from the Settlement

Class are (a) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (b) all persons who are directors or officers of Defendant; (c) governmental entities; (d) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

3. For settlement purposes only, the Court finds that the prerequisites to class action treatment under Federal Rule of Civil Procedure 23(a)—including numerosity, commonality and predominance, adequacy, and appropriateness of class treatment of these claims—have been preliminarily satisfied.

    a. The members of the class are too numerous for their joinder to be practicable. There are approximately 183,079 Settlement Class Members.

    b. Questions of law and fact common to the Settlement Class predominate over individualized questions.

    c. Plaintiffs are adequate class representatives whose interests in this matter are aligned with those of all other Settlement Class Members. Proposed Settlement Class Counsel—Jeff Ostrow of Kopelowitz Ostrow P.A., Ben Barnow of Barnow and Associates, P.C., Danielle Perry of Mason LLP, and Jason Rathod of Migliaccio & Rathod LLP—have experience and expertise prosecuting class actions and have committed the necessary resources to represent the Settlement Class.

    d. A class action is a superior method for the fair and efficient resolution of this matter.

4. The Court further finds, for settlement purposes only, that the requirements of Federal Rule of Civil Procedure 23(b)(3) have been met for the reasons stated in Plaintiffs' Motion, in that the questions of law or fact common to class members predominate over any questions

affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## Preliminary Approval of Settlement

5. The terms of the Settlement Agreement are preliminarily approved as fair, reasonable, and adequate. There is good cause to find that the Settlement Agreement was negotiated at arm's-length between the Parties, who were represented by experienced counsel.

6. For settlement purposes only, Plaintiffs Gwendolyn Riddick, Tina Goldsmith, Tracy Sanders, Evelyn Rios, Annie Slaton, and David Richter are appointed as Settlement Class Representatives.

7. For settlement purposes only, the following counsel are hereby appointed as Settlement Class Counsel:

> Jeff Ostrow
> **KOPELOWITZ OSTROW P.A.**
> 1 W. Las Olas Blvd., Ste. 500
> Fort Lauderdale, FL 33301
> Telephone: (954) 525-4100
> ostrow@kolawyers.com
>
> Ben Barnow
> **BARNOW AND ASSOCIATES, P.C.**
> 205 West Randolph Street, Ste. 1630
> Chicago, IL 60606
> Tel: 312.621.2000
> Fax: 312.641.5504
> b.barnow@barnowlaw.com
>
> Danielle Perry
> **MASON LLP**
> 5335 Wisconsin Avenue, NW, Suite 640
> Washington, DC 20015
> Telephone: (202) 429-2290
> dperry@masonllp.com
>
> Jason Rathod
> **MIGLIACCIO & RATHOD LLP**

3

412 H Street NE, Ste. 302  
Washington, DC, 20002  
Telephone: (202) 470-3520  
jrathod@classlawdc.com

### **Manner and Form of Notice**

8.    The Court approves, in form and content, the Postcard Notice, Long Form Notice, and Publication Notice attached to the Settlement Agreement as Exhibits 1, 2, and 3, respectively, and finds that they meet the requirements of Federal Rule of Civil Procedure 23(c)(2) and satisfy due process.

9.    The Court finds that the planned notice set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23(c)(2) and (e) and constitutes the best notice practicable under the circumstances, where Settlement Class Members' identities are contained in Defendant's records and may be readily ascertained, satisfying fully the requirements of due process, and any other applicable law, such that the Settlement Agreement and Final Approval Order will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

10.    Kroll Settlement Administration, LLC is hereby appointed Settlement Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

11.    The Settlement Administrator may proceed with the distribution of the Notices as set forth in the Settlement Agreement.

12. Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a valid Claim Form in accordance with the instructions provided in the Notices no later than 90 days after the Notice Date. The Court hereby approves as to form and content the Claim Form attached to the Settlement Agreement as Exhibit 4.

13. All Claim Forms must be either mailed via U.S. Mail to the address specified in the Claim Form and/or be electronically submitted to the Settlement Administrator via the Settlement Website no later than 90 days after the Notice Date. Settlement Class Members who do not timely submit a Claim Form deemed to be valid in accordance with the Settlement Agreement shall not be entitled to receive any portion of the Settlement Fund.

14. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including with respect to Released Class Claims as set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated other litigation or other proceedings against Defendant or the Released Persons relating to the claims released under the terms of the Settlement Agreement.

15. Settlement Class Counsel may file a motion seeking an award of attorneys' fees, costs, and expenses, as well as Service Awards for the Settlement Class Representatives, in accordance with the terms of the Settlement Agreement, no later than 14 days prior to the Opt-Out Deadline and Objection Deadline.

**Exclusions from the Settlement Class**

16. Any person within the Settlement Class may request exclusion from the Settlement Class by expressly stating his/her request in a written exclusion request. Such exclusion requests

must be received by the Settlement Administrator at the address specified in the Settlement Class Notice in written form, by first class mail, postage prepaid, and postmarked, no later than 60 days after the Notice Date.

17. The opt-out request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. No person within the Settlement Class, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class, may request exclusion from the Settlement Class of any other person within the Settlement Class.

18. Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Approval Order; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

## Objections to the Settlement

19. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees, costs, and expenses that Settlement Class Counsel intends to seek and the payment of the Service Awards to the Settlement Class Representatives, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in Paragraph 20 of this Order, with the Clerk of the Court, and served upon Settlement Class Counsel, Defendant's Counsel, and the Settlement Administrator no later than 60 days after the Notice Date.

20. Any Settlement Class Member who has not requested exclusion and who intends to object to the Settlement must state, in writing,

  a. the objector's full name, mailing address, telephone number, and email address (if any);

  b. the case name and case number;

  c. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

  d. the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

  e. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or the Application for Attorneys' Fees, Costs, Expenses, and Service Awards, and whether they will appear at the Final Approval Hearing;

  f. the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

  g. a list of all persons who will be called to testify at the Final Approval

Hearing in support of the objection (if any);

       h.     a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

       i.     the objector's signature (an attorney's signature is not sufficient).

21.     Settlement Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel.

22.     Objections must be filed with the Court and served on Settlement Class Counsel, Defendant's Counsel, and the Settlement Administrator no later than sixty (60) Days after the Notice Date. Objections not filed and served in accordance with this Order shall not be received or considered by the Court. Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, to the payment of the Service Awards, and to the Final Approval Order and the right to appeal same.

23.     A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Settlement Class Counsel's fee, cost, and expense application and/or the request for Service Awards to the Settlement Class Representatives are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written

objection and who indicates his/her intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify at the Final Approval Hearing, which shall be attached.

24. No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied. Any Settlement Class Member who does not make his or her objection to the Settlement in the manner provided herein, or who does not also timely provide copies to Counsel for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

## Final Approval Hearing

25. All papers in support of the Final Approval of the Settlement shall be filed at least 14 days prior to the Final Approval Hearing.

26. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Class Claims against any of the Released Persons.

27. A Final Approval Hearing shall be held before the Court on **November 4, 2025, at 10:00 a.m.**, in the United States District Court for the District of Maryland, 101 West Lombard Street, Baltimore, MD 21201 (or at such other time and location as the Court may deem appropriate, including , without further direct notice) for the following purposes:

    a. Determine that the Settlement is fair, adequate and reasonable;

      b.      Finally certify the Settlement Class for settlement purposes only;

      c.      Determine that the Notice Program satisfies Due Process requirements;

      d.      Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

      e.      Release Defendant and the other Released Parties from the Released Claims; and

      f.      Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

28. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

29. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## **Temporary Stay**

30. All discovery, pending motions, and other proceedings in the Litigation as between Plaintiffs and Defendant are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

## Termination of the Settlement

31. If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, the Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

## Upcoming Deadlines

32. For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

| EVENT | DATE |
|---|---|
| Defendant to provide Settlement Class List to Settlement Administrator | 10 Days after entry of Preliminary Approval Order |
| Notice Date | 30 Days after entry of Preliminary Approval Order |
| Deadline for Plaintiffs to File Motion for Attorneys' Fees, Costs, Expenses, and the Service Awards for Settlement Class Representatives | 14 Days prior to the Opt-Out and Objection Deadline |
| Opt-Out and Objection Deadlines | 60 Days after Notice Date |
| Deadline for Class Members to Submit Claim Forms | 90 Days after Notice Date |
| Deadline for Plaintiffs to File Motion for Final Approval of Class Action Settlement | 14 Days prior to Final Approval Hearing |
| Final Approval Hearing | Tuesday, November 4, 2025 |

**IT IS SO ORDERED.**

ENTERED: _____June 16, 2025_____     _____/s/_____
                                        Hon. Brendan A. Hurson
                                        United States District Judge